■ MARGARET J. VOSBURGH, Respondent, v DOUGLAS VOSBURGH, Appellant.—Appeal from an order of the Family Court of Schenectady County, entered June 5, 1975, which granted petitioner's application for an increase in child support payments. Appellant's gross wages in 1969 were approximately $10,000 and, following the parties' divorce in 1970, he had been paying petitioner the sum of $50 each week for the support of the two children of their marriage. Upon petitioner's allegations of a change in

circumstance, Family Court conducted hearings in April and May of 1975 and granted her petition to the extent of directing an increase in appellant's child support payments to a total of $70 per week. This appeal ensued. The record reveals that since the divorce appellant remarried, left his former employment, and embarked upon the operation of a bar and restaurant from which a net income of some $15,000 was derived in 1974. Although petitioner did not establish any extraordinary change in the needs of the children, appellant's fortunes had plainly risen during the intervening period and we cannot say that Family Court abused its discretion in ordering such a modest increase in his payments for their support. Appellant makes much of the fact that his present wife made a financial investment in his current business, and shares in the work of running it, but Family Court was not bound to accept the self-serving allocation of business income between them that appeared in relevant tax returns. Appellant was the sole owner of the enterprise and the building in which it was conducted. While some of the income generated therefrom may undoubtedly be attributed to efforts on the part of his present wife, we find nothing improper in the implicit rejection of his assertion that her services were tantamount to a one-half interest in the business. We have examined appellant's other arguments and find them to be without merit. Order affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.